## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Mark Tillman Lott, | C/A No. 2:16-cv-01586-RMG-MGB |
| PLAINTIFF, | |
| vs. | |
| Dr. Rozanna Tross Psy | REPORT & RECOMMENDATION |
| Joshua Tucker | OF THE MAGISTRATE JUDGE |
| Cynathia Helff | |
| Kimberly Poholchuk | |
| Holly Scaturo | |
| Shelia Lindsey | |
| Versie Bellamy | |
| DEFENDANTS. | |

The plaintiff, Mark Tillman Lott ("Plaintiff"), is currently in the custody of the Sexually Violent Predator Treatment Program ("SVPTP") of the South Carolina Department of Mental Health, having been civilly committed as a sexually violent predator pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 through § 44-48-170. On May 12, 2016, the Plaintiff filed this action *pro se* and *in forma pauperis*, alleging that the Defendants have discriminated against him and violated his First Amendment rights.[1] (*See generally*, Compl. 3-5, Dkt. No. 1.) The court construes his action as one filed pursuant to 42 U.S.C. § 1983.

This matter is before the court upon the Plaintiff's "Motion for (TRO) Temporary Restraining Order," filed on June 8, 2016 ("First Motion"), and the Plaintiff's "Motion for

---

[1] *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a state prisoner's *pro se* pleading is "filed" at the moment of delivery to prison authorities for forwarding to the District Court. *(See* Dkt. No. 1-2 at 2.)

1

(TRO) Temporary Restraining Order or Representative," filed on August 6, 2016 ("Second Motion"). (Dkt. Nos. 11, 21.) The Defendants filed responses in opposition to the Plaintiff's First Motion and Second Motion on June 30, 2016, and August 25, 2016, respectively. (Dkt. Nos. 15, 23.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The court will consider the Plaintiff's First Motion and Second Motion as seeking preliminary injunctions, instead of TROs, because the Plaintiff failed to adhere to the Federal Rules of Civil Procedure regarding TROs. First, the Plaintiff did not comply with Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure, which requires that specific facts be set forth in an affidavit or a verified complaint to clearly show that immediate and irreparable injury will result to him before the Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Second, the Plaintiff cannot satisfy the "attorney certification" requirement for a TRO because he is not an attorney admitted to practice before the court. *See* Fed. R. Civ. P. 65(b)(1)(B). Finally, as the Defendants have received notice and responded to the First Motion and the Second Motion, it is appropriate for the court to treat the Plaintiffs' Motions as seeking a preliminary injunction. *See, e.g., Mickell v. Reynolds*, C.A. 6:15-cv-04656-RBH-KFM, 2016 WL 3049358, at *2, n.3 (D.S.C. May 31, 2016) (citation omitted) ("Because Defendants have received notice and an opportunity to respond, the Court treats Plaintiff's motion as one for a preliminary injunction."). Accordingly, the court will consider the Plaintiff's First Motion and Second Motion as seeking a preliminary injunction.

**Standard of Review**

A preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must show the following:

(1) That he is likely to succeed on the merits;

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief;

(3) that the balance of equities tips in his favor; and

(4) that an injunction is in the public interest.

*Id.* at 20.

**The Plaintiff's First Motion**

In the Plaintiff's First Motion, he contends that he has contact with the Defendants Helff, Poholchuk, Tross, and Lindsey "on a daily basis" and he fears that they may retaliate against him for filing the present lawsuit. (Dkt. No 11 at 1, ¶¶ 1-2.) By way of relief, Plaintiff asks that Richard Brown, "who is also a resident advisor be appointed to handle anything the Plaintiff needs done[.]" (Dkt. No 11 at 1.)

The undersigned recommends that the Plaintiff's First Motion be denied because the Plaintiff has not met the *Winter* factors. His filing does not address the merits of his case or the likelihood of success. Moreover, the Plaintiff has not demonstrated that he will suffer

3

irreparable harm if the motion for an injunction is not granted. The Plaintiff's First Motion is based almost entirely on his speculation that "when and if" certain future events occur, he "fears he will be retaliated against" by the Defendants Helff, Poholchuk, Tross, or Lindsey because he filed the instant action. (Dkt. No 11 at 1, ¶¶ 2-3.) This showing is insufficient; "the clear showing of irreparable harm proffered by the movant can not be either remote or speculative; it must be both actual and immediate." *Al-Abood v. El-Shamari*, 71 F. Supp. 2d 511, 514 (E.D. Va. 1999). Next, the Plaintiff does not explain how the balance of equities tips in his favor. Lastly, the Plaintiff offers no argument that an injunction would be in the public interest. As the Plaintiff has not established the *Winter* elements, it is recommended that this part of his First Motion be denied.

The Plaintiff's First Motion also asks that Mr. Brown, a resident advisor, "be appointed to handle anything the Plaintiff needs done." (Dkt. No 11 at 1.) The Plaintiff does not explain the reason he needs to have Mr. Brown appointed to act in his stead. Furthermore, the Plaintiff has offered no legal authority in support of this request, and the court is unaware of any that would permit it to grant his request. Accordingly, it is recommended that this request be denied.

### The Plaintiff's Second Motion

In his Second Motion, the Plaintiff alleges that on August 8, 2016, he was brought before the SVPTP's Behavioral Management Committee ("BMC") on a charge and was questioned about a letter that had been found, and attributed to him.[2] (Dkt. No. 21 at 1.) According to the Plaintiff, the BMC's members included Defendants Helff and Poholchuk, who "were very agressive and harsh with their questioning . . . ." (*Id.*) The Plaintiff alleges that Defendants

---

[2] It is unclear to the court whether the charge that brought the Plaintiff before the BMC was related to the letter he was accused of writing.

Helff and Poholchuk told him they did not know whether he was innocent of writing the letter, so they placed him on Therapeutic Room Restriction ("TRR"). (*Id.*) The Plaintiff claims those Defendants did so to retaliate against him for filing this action, and he asks for a TRO against them. (*Id.*)

The court has reviewed the Plaintiff's Second Motion, and concludes that it does not address any of the four *Winter* factors. As with his First Motion, the Plaintiff's Second Motion does not discuss the merits of his case or the likelihood of success. Second, the Plaintiff fails to show how being placed on TRR will cause him irreparable harm. Third, the Plaintiff does not explain how the balance of equities tips in his favor. Lastly, the Plaintiff offers no argument that an injunction would be in the public interest. As the Plaintiff has not established the *Winter* elements, it is recommended that this part of the Second Motion be denied.

In the Second Motion, the Plaintiff also asks "to have some kind of legal representative or something present during future hearings." (Dkt. No. 21 at 1.) To the extent the Plaintiff is seeking the appointment of counsel, it is recommended that this part of the motion likewise be denied. The court is not aware of any authority that would permit it to appoint counsel to represent the Plaintiff in future hearings before the BMC.

Wherefore, it is RECOMMENDED that the Plaintiff's First Motion and Second Motion (Dkt. Nos. 11, 21) be DENIED.

IT IS SO RECOMMENDED.

February 7, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).