IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Tillman Lott, | ) | Case No 2:16-cv-01586-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Dr. Rozanna Tross, Psy, | ) | |
| Joshua Tucker, | ) | |
| Cynathia Helff, | ) | |
| Kimberly Poholchuk, | ) | |
| Holly Scaturo, | ) | |
| Shelia Lindsey, | ) | |
| Versie Bellamy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Mark Tillman Lott ("Plaintiff"), is currently in the custody of the Sexually Violent Predator Treatment Program ("SVPTP") of the South Carolina Department of Mental Health, having been civilly committed as a sexually violent predator under the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 through § 44-48-170. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action in May 2016, alleging that Defendants discriminated against him and violated his First Amendment rights. (Dkt. No. 1.) This Court construes Plaintiff's action to be filed under 42 U.S.C. § 1983.

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 44) to deny Plaintiff's First and Second Motions for a temporary restraining order. (Dkt. Nos. 11, 21.) For the reasons outlined in the R. & R., Plaintiff has not complied with the Federal Rules of Civil Procedure regarding temporary restraining orders, so this Court considers Plaintiff's First and Second Motions to seek preliminary injunctions. (Dkt. No. 44 at 1-2.)

-2-

No objections to the R. & R. have been filed. While this Court will conduct a *de novo* review of any portion of the R. & R. to which a specific objection is made, it appears Congress did not intend for the district court to review the factual and legal conclusions of the Magistrate absent objection by any party. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

This Court's review of the record indicates that the R. & R. accurately analyzes the facts of this case and the applicable law. Plaintiff has not established the elements required to obtain a preliminary injunction, including (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Accordingly, this Court adopts the R. & R. as the Order of this Court. Plaintiff's First and Second Motions for a preliminary injunction are **DENIED**. (Dkt. Nos. 11, 21.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 27, 2017
Charleston, South Carolina