# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Tillman Lott, | ) | C/A No. 2:16-cv-01586-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Dr. Rozanna Tross Psy | ) | |
| Joshua Tucker | ) | |
| Cynathia Helff | ) | |
| Kimberly Poholchuk | ) | |
| Holly Scaturo | ) | |
| Shelia Lindsey | ) | |
| Versie Bellamy | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The plaintiff, Mark Tillman Lott ("Plaintiff"), is currently in the custody of the Sexually Violent Predator Treatment Program ("SVPTP") of the South Carolina Department of Mental Health, having been civilly committed as a sexually violent predator pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 through § 44-48-170. On May 12, 2016, the Plaintiff filed this action *pro se* and *in forma pauperis*, alleging that the Defendants have discriminated against him and violated his First Amendment rights. (*See generally*, Compl. 3-5, Dkt. No. 1.) The court construes his action as one filed pursuant to 42 U.S.C. § 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Civil Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in civil rights cases challenging conditions of confinement are referred to a United States Magistrate Judge for consideration. For the

reasons stated herein, this court recommends that the Plaintiff's claims be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

As mentioned previously, the Plaintiff filed the instant action on May 12, 2016, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On May 20, 2016, the undersigned issued an Order which included the following:

> Plaintiff is a pro se litigant. Plaintiff's attention is directed to the following important notice and to the procedural directions that follow:
>
> You are ordered to always keep the Clerk of Court advised in writing **(Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

(Dkt. No. 6) (emphasis in original).

On October 21, 2016, the above-captioned defendants ("Defendants") filed their Motion for Summary Judgment, which is now before the court. (Dkt. No. 36.) Also on October 21, 2016, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which specifically advised the Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 38.) On November 7, 2016, the Plaintiff filed Motion for a Direct Order on a motion to compel that he had previously filed, and on November 28, 2016, the Defendants filed a response in opposition to the Plaintiff's Motion for a Direct Order. (Dkt. Nos. 40, 41.)

2

On February 2, 2017, this court issued an Order instructing the Plaintiff to respond within 20 days to the Motion for Summary Judgment or his case would be subject to dismissal under Rule 41 of the Federal Rules of Civil Procedure. (Dkt. No. 42.) The Plaintiff never responded to the Motion for Summary Judgment or the 20-Day Order.

Based on the foregoing, it appears that the Plaintiff no longer wishes to pursue this action. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam). *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989). It is further **RECOMMENDED** that the Plaintiff's pending motions (Dkt. Nos. 27, 40) be deemed moot.

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff at his last known address.

March _1_, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).